UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:15-CV-1386-M |
| | § | |
| HNOS ADAME CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants Simon, Eddie Y Amigos, Inc. and Eduardo Solis Ortega's Motion for Relief from Judgment Pursuant to Rule 60 FRCP [D.E. 13]. This motion was referred to the undersigned by the District Court for recommendation. Order of Referral [D.E. 16]. The Court held a hearing regarding this matter on February 22, 2016. Minute Entry [D.E. 19]. At that hearing the parties presented evidence, witness testimony, and oral argument. Based on the hearing and the parties' briefing, the Court recommends that Defendants' motion be **DENIED**.

**HISTORY**

On May 4, 2015, J&J Sports Productions, Inc. ("J&J"), through its attorneys of record, the Korn Diaz Firm ("KD Firm"), filed suit against Hnos Adame Corporation, Abelardo Arenas Adame, Simon, Eddie y Amigos, Inc. ("Amigos, Inc."), and Eduardo Solis Ortega[1] ("Ortega") (Amigos, Inc., and Ortega collectively, "Defendants") for the unlicensed broadcast of pay-per-view programing at

---

[1] Eduardo Solis Ortega is the registered agent for service and an officer of Simon, Eddie y Amigos, Inc. Compl. [D.E. 1 at 3].

1

Prime Club[2]. Compl. [D.E. 1]. Government records indicate that each of the named defendants had an ownership interest in Prime Club when the pay-per-view programing was aired. *See* Pl.'s Ex 1. All named defendants were properly served, but none of the named defendants filed an answer within the proscribed time period. Mot. Entry of Default [D.E. 8 at 2]. J&J then requested an entry of default from the United States District Clerk and filed a motion for default judgment. Mot. Default J. [D.E. 9]. The United States District Clerk filed an entry of default, and the District Court entered a default judgment against all of the named defendants on November 12, 2015. Final Default J. [D.E. 11]. Over a month after the Final Default Judgement was entered, Defendants filed a motion to set aside the default judgment.[3] Mot. for Relief [D.E. 13]. Defendants motion requests the judgment be set aside because "of excusable neglect of the Defendants or fraud on the part of the Plaintiff." *Id.* [D.E. 13 at 2].

## EXCUSABLE NEGLECT

The Federal Rules of Civil Procedure allow courts to relieve a party from a final judgment, order, or proceeding due to "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Courts consider three factors when considering whether good cause exists to set aside a default judgment: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Jenkens & Gilchrist a Prof'l Corp. v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008) (quoting *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). The Fifth Circuit has declared that factors one and three carry special significance, and

---

[2] The defined term "Prime Club" includes Prime, Prime Club, Patron Prime Club, and Prime Nightclub.

[3] The Court notes that Ortega and Amigos, Inc. to this date, still have not attempted to file an answer. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (holding that due to the disfavor of default judgments, they "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." (internal quotations omitted)).

a matter can be resolved solely on the determination of either one of these two factors. *Id.* at 119-20.

Furthermore, the Fifth Circuit "has pointedly announced that a party has a duty of diligence to inquire about the status of a case, and that Rule 60(b) relief will be afforded only in unique circumstances." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985) (internal quotations omitted). While relief is permitted for mistake, inadvertence, surprise, or excusable neglect, "these terms are not wholly open-ended." *Id.* "Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law." *Id.* (quoting 11 Wright & Miller, Federal Practice and Procedure § 2858 at 170 (footnotes omitted)). Finally, cultural or linguistic barriers are not sufficient to set aside a default final judgment. *J & J Sports Productions, Inc. v. El 8 Sports Bar & Billiards Inc.*, No. 3:13-CV-4433-M-BH, 2015 WL 5437683, at *3 (N.D. Tex. Aug. 11, 2015) (Ramirez, Mag. J.) (adopted by *J & J Sports Productions, Inc. v. El 8 Sports Bar & Billiards Inc.*, No. 3:13-CV-4433-M-BH, 2015 WL 5437683, at *1 (N.D. Tex. Sept. 15, 2015) (Lynn, J.).

**Willful Default**

The first *Jenkens* factor for courts to consider is willful default. *Jenkens*, 542 F.3d at 119. "A party acts willfully when it intentionally fails to respond to the pleadings." *G & C Land v. Farmland Mgmt. Servs.*, 587 Fed. Appx. 99, 103 (5th Cir. 2014) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). During the hearing, Ortega testified that he had previously been sued for showing pay-per-view programing without proper licensing, he had not filed responses in those suits, and those suits resulted in default judgments against him. Evidentiary Hearing Transcript at 16-17. Ortega also testified that constables had seized his property in the past as a result of those default judgments. *Id.* Later in the hearing, Ortega admitted receiving a mailed copy of the motion for default judgment, but he took no steps to file an answer or renew attempts to contact J&J's attorneys.

3

*Id.* at 24. In his defense, Ortega claims that he does not "understand too much English" or "understand the legal documents." *Id.* at 19.

Based on his testimony, the Court finds that Ortega knew a suit was filed against him and Amigos, Inc. by J&J, he was aware that a default judgment would be entered against him if he did not respond, and he knew the consequences of a default judgment being entered against him. *See id.* at 16-17. Because Ortega's claims that he does not understand the law or the English language are not valid excuses, his intentional failure to respond to the law suit was willful. *See EL 8 Sports Bar*, 2015 WL 54376832015, at * 3. To compound the matter, Ortega's admissions that he was aware that he had been sued but did nothing, is contrary to his duty of diligence to inquire about the suit. *See Pryor*, 769 F.2d at 287. Although satisfying this factor alone is determinative, the Court continues with its analysis. *See Jenkens*, 542 F.3d at 119-20.

**Meritorious Defense**

The next *Jenkens* factor considered is the presentation of a meritorious defense by a defendant. *Id.* The primary concern of this factor is "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Beitel v. OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008). A defendant has met his burden when he makes a clear and specific showing of facts and evidence that are more than mere legal conclusions. *Jenkens*, 542 F.3d at 122. "To establish a meritorious defense, [a] [defendant] must provide a 'clear and specific statement showing, not by conclusion, but by definite recitation of facts' that it has a valid defense." *Till v. X-Spine Sys., Inc.*, No. 3:15-cv-00532-M, 2015 WL 3903567, at *3 (June 24, 2015) (Lynn, J.) (quoting *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)). A "defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted,

4

if proven at trial, would constitute a complete defense." *Jenkens*, 542 F.3d at 122 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993).

Ortega claims that neither he, nor Amigos, Inc., "[ever] owned an interest in the club known as Prime" as a defense in their motion. Mot. Relief [D.E. 13 at 2]. To bolster this claim, at the hearing, Ortega presented a document titled, "SALE AND PURCHASE AGREEMENT" as evidence that he did not have an ownership interest in the Prime Club. Pl.'s Ex. 2. However, this document only addresses the sale of "a dance club known as DRAMA at 1911 N. Griffin Street, Dallas, Texas." *Id.* It does not does not address either Defendants' ownership interest in Prime Club. *See id.*

Here, Ortega has failed to meet his burden establishing a valid defense. *See Moldwood*, 410 F.2d at 352. It is conclusory to assume that because Ortega sold his interest in DRAMA, neither he, nor Amigos, Inc., had an interest in Prime Club when the pay-per-view programing was aired. *See Jenkens*, 542 F.3d at 122. Furthermore, that conclusion is not supported by a clear and specific recitation of definite facts. *See Moldwood*, 410 F.2d at 352. Ortega's proposed defense has not been considered for its likelihood to prevail, but rather to consider whether it would constitute a complete defense. *See Jenkens*, 542 F.3d at 122. In doing so, the undersigned finds that Ortega has failed to meet his burden to present a meritorious defense. Therefore, the undersigned recommends that the final default judgment entered against Defendants should remain undisturbed based on Ortega's willful neglect, his failure to present a meritorious defense, and his failure to diligently inquire about the status of this suit.

**FRAUD**

The Federal Rules of Civil Procedure permit a court to relieve a party from a final judgment if the judgement is based on "fraud, misrepresentation, or misconduct by an opposing party[.]" FED.

5

R. CIV. P. 60(b)(3) (internal parenthesis omitted). To prove a claim of fraud, a movant "must establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Isbell v. DM Records, Inc.*, 774 F.3d 859, 869 (5th Cir. 2014) (emphasis omitted).

Defendants raise a claim of "fraud on the part of the Plaintiff." Mot. Relief [D.E 13 at 2]. Defendants claim the fraud occurred after Ortega went to KD Firm in an attempt to speak with J&J's attorneys about the suit filed against him. Affidavit of Ortega [D.E. 13-1 at 2]. Ortega alleges that a lady named Christina spoke to him. Evidentiary Hearing Transcript at 4-5. He claims that she took his telephone number, email address, and stated that someone would contact him if any further action was necessary on his part. Affidavit of Ortega [D.E. 13-1 at 2]. Ortega testified that "nobody called [him] back never again." Evidentiary Hearing Transcript at 15.

During the hearing, Ortega also testified that he asked Christina to write down her name and KD Firm's telephone number on a piece of paper for him to keep. *Id.* at 6. Ortega presented that paper as evidence during the hearing. Pl.'s Ex. 1. Ortega stated that although he was given KD Firm's telephone number, he never called the provided number to follow up on his initial visit. Evidentiary Hearing Transcript at 19. Ortega claims that because Christina stated that someone from the firm would contact him if further action on his part was necessary, he felt that he "had complied with the complaint served on [him]." Ortega Affidavit [D.E. 13-1 at 2]. Ortega does not present any further evidence regarding his allegation of fraud. *See* Mot. [D.E. 13].

As such, Ortega fails to satisfy the requirements of either prong of the fraud test. *See Isbell v. DM Records, Inc.*, 774 F.3d at 869. He does not present any evidence, let alone clear and convincing evidence, that J&J or KD Firm purposefully did not contact him in order to gain a default

6

judgment against him. *See id.* He also fails to present clear and convincing evidence showing that J&J's or KD Firm's actions prevented the Defendants from "fully and fairly presenting" their case. *See id*. Because Defendants have not met their evidentiary burden, the undersigned recommends that Defendants' claim of fraud fail and the Default Judgment remain in place.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendants Simon, Eddie Y Amigos, Inc. and Eduardo Solis Ortega's Motion for Relief from Judgment Pursuant to Rule 60 FRCP [D.E. 13] be **DENIED** and the Final Default Judgment [D.E. 11], entered by the District Court, remain undisturbed.

**SO RECOMMENDED**, April 6, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings,

conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).