UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:15-CV-1386-M |
| HNOS ADAME CORPORATION, et al., | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants Hnos Adame Corporation and Abelardo Arenas Adame's

Motion for Relief from Default Judgment [ECF No. 31]. Pursuant to 28 U.S.C. § 636(b), the district

court referred this motion to the United States Magistrate Judge for recommendation or

determination.[1] *See* Order of Referral [ECF No. 32]. For the following reasons, the undersigned

respectfully recommends that Defendants' Motion [ECF No. 31] be **DENIED**.

### Background

On May 4, 2015, J&J Sports Productions, Inc. ("Plaintiff"), filed this suit against: (1) Hnos

Adame Corporation ("Hnos Corporation"), individually, and d/b/a Prime Nightclub[2]; (2) Abelardo

Arenas Adame; (3) Simon, Eddie y Amigos, Inc. ("Amigos, Inc."); and (4) Eduardo Solis Ortega

("Ortega") (collectively, "Defendants") for the unlicensed broadcast of pay-per-view programing

at Prime Nightclub of the Floyd Mayweather Jr. v. Miguel Cotto Event (the "Event") on May 5,

2012. Pl.'s Compl. 1, 2 ¶ 1 [ECF No. 1]. All named Defendants were properly served, but none of

the Defendants filed an answer within the proscribed time period. *See* Docket; Pl.'s Mot. for

Default J. 3 ¶ 3 [ECF No. 9]. On November 12, 2015, the United States District Clerk entered a

default. *See* Entry of Default [ECF No. 10]. The same day, the district court entered a final default

---

[1] In reviewing the pleadings in this matter the Court does not find that a hearing is necessary.
[2] The defined term "Prime Nightclub" includes Prime, Prime Club, Patron Prime Club, and Prime Nightclub.

1

judgment against all Defendants. Final Default J. [ECF No. 11]. Over a month after the district court entered the Final Default Judgment, Defendants Amigos Inc. and Mr. Ortega filed their motion to set aside the default judgment. Defs.' Mot. for Relief [ECF No. 13]. This Court recommended Defendants' motion be denied, *see* R. & R. 1 [ECF No. 20], and the district court accepted the Court's findings. Order [ECF No. 21]. On November 9, 2016, almost one year after the district court entered the Final Judgment, Defendants Hnos Corporation and Abelardo Adame,[3] request the Court to set aside the judgment pursuant to Federal Rule of Civil Procedure 60. Defs.' Mot. for Relief 1 [ECF No. 31]; FED. R. CIV. P. 60.

## Analysis

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). Federal Rule of Civil Procedure 60(b) provides in relevant part that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b).

Courts evidence a clear preference for disposition of litigation on the merits, rather than by default judgment, when it is consistent with sound judicial administration and fairness to the parties. Accordingly, the requirement of "good cause" and the specific criteria of Rule 60(b) have generally been interpreted liberally. *See Amberg v. FDIC*, 934 F.2d 681, 685 (5th Cir. 1991); *Azzopardi v. Ocean Drilling & Explor. Co.*, 742 F.2d 890, 895 (5th Cir. 1984). "The Fifth Circuit has directed a district court to consider three factors in determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1): (1) the merits of the defendant's

---

[3] The Court notes that Defendant Eduardo Ortega has entered into a settlement with Plaintiff. *See* Defs.' Mot. for Relief 2 n.2 [ECF No. 31].

asserted defense, (2) the extent of prejudice to the plaintiff, and (3) the culpability of the defendant's conduct." *Willis v. Lopez*, No. 3:10-CV-154-M, 2010 WL 4877273, at \*2 (N.D. Tex. Dec. 1, 2010) (Lynn, J.) (citation omitted). "[The Fifth Circuit] has set a high bar for what a party must show to receive relief under Rule 60(b)(1)." *Williamson v. City of Morgan City*, 428 F. App'x 356, 357 (5th Cir. 2011) (per curiam).

## A. Meritorious Defense

The first factor this Court will consider is the presence of a meritorious defense. "Defendants must present some factual basis, and not mere conclusory statements, to show a meritorious defense. The defense is measured not by whether there is likelihood that it will succeed, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Willis*, 2010 WL 4877273, at \*2 (citations omitted); *Till v. X-Spine Sys., Inc.*, No. 3:15-CV-00532-M, 2015 WL 3903567, at \*3 (June 24, 2015) (Lynn, J.). The primary concern of this factor is "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Beitel v. OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008) (citing *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008)).

Defendant Mr. Adame states that he is the president of Hnos Corporation and was active in its operation, but he was not the manager of Prime Nightclub. Defs.' Mot. for Relief 3 ¶ 5 [ECF No. 31]. Mr. Adame alleges that since he was not the manager of Prime Nightclub he cannot swear that the Event was not shown on the date Plaintiff claims. *Id.* [ECF No. 31]. Mr. Adame argues that under 47 U.S.C. § 605(e) Plaintiff is required to show that Mr. Adame willfully violated the statute by the unauthorized use of communications. *Id.* at 6 ¶ (a) [ECF No. 31] ("The *judgment* is based upon penalties and types of damages awardable under 47 U.S.C. § 605(e) . . .") (emphasis added). Mr. Adame contends that since he has no knowledge that the Event was shown at Prime

3

Nightclub he did not willfully use the communication. *Id.* 6 ¶ (b) [ECF No. 31]. He also contends

that if the Event was shown at Prime Nightclub then even as president of Hnos Corporation he is

still not responsible because he did not willfully violate Plaintiff's broadcast rights. *Id.* [ECF No.

31]. Lastly, Mr. Adame contends that the amount of the default judgment is excessive and the

amount of attorney's fees are not reasonable or necessary. *Id.* at 6-7 ¶¶ (d)-(e) [ECF No. 31].

Plaintiff responds Mr. Adame is liable under the doctrine of vicarious liability even if he did not

directly participate in showing the Event or knew that it happened. Pl.'s Resp. 18 ¶ 28 [ECF No.

33]. Plaintiff argues that Mr. Adame has failed to establish a meritorious defense by not providing

a clear and specific statement showing that he has raised a meritorious defense. *Id.* at 21 ¶ 33 [ECF

No. 33].

"To state a claim under § 605, the plaintiff must establish that the defendants '(1) received,

assisted in receiving, transmitted, or assisted in transmitting an interstate communication by wire

or radio, and (2) broadcast, displayed, or divulged that communication to (3) at least one other

person (4) without authorization.'" *Joe Hand Promotions, Inc. v. Adame*, No. EP-12-CV-141-KC,

2012 WL 3561367, at *3 (W.D.Tex. Aug. 16, 2012) (citing *Joe Hand Promotions, Inc. v. Tin Cup

Sports Bar, Inc.*, No. 11-01929, 2012 WL 2572504, at *2 (S.D.Tex. June 28, 2012)). One violates

47 U.S.C. § 553 by "intercept[ing] and receiv[ing] or assist[ing] in intercepting or receiving any

communications service offered over a cable system" without authorization. U.S.C. 47 § 553(a)(1).

"Several courts have held that the unauthorized interception and broadcast of either satellite or

cable transmissions violates both 47 U.S.C. §§ 553 and 605." *Entm't by J & J, Inc. v. Al-Waha

Enter., Inc.*, 219 F. Supp. 2d 769, 774 (S.D.Tex. 2002) (citing cases). "[W]illfulness has been

defined by the Supreme Court as 'disregard for the governing statute and an indifference for its

requirements.'" *Id.* at 776 (citing *Cablevision Sys. N.Y. City Corp. v. Lokshin*, 980 F. Supp. 107, 114 (E.D.N.Y. 1997)).

The Court does not find support that Plaintiff must prove Defendants "willfully" violated § 605(a) in order to be found liable. Mr. Adame is correct that for enhanced damages under § 605(e) Plaintiff must show that Defendants committed the violation "willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). However, "[t]he Communications Act is a strict liability statute." *Adame*, 2012 WL 3561367, at *4 (citing cases). "To the extent it is relevant, Defendant's knowledge and intent only affect the question of damages, not liability." *Id.* (citing *Zuffa, L.L.C. v. Trappey*, No. 11-0006, 2012 WL 1014690, at *4 (W.D.La. Mar. 22, 2012)). The Court does not find that Mr. Adame's lack of knowledge or willfulness constitutes a meritorious defense to liability under § 605(a). *Id.*

Plaintiff also sues Mr. Adame in his individual capacity. *See* Pl.'s Compl. 2-3 ¶ 3 [ECF No. 1]. Plaintiff must show that Mr. Adame "had a right and ability to supervise the violations, as well as an obvious and direct financial interest in the misconduct." *J&J Sports Prods., Inc. v. 291 Bar & Lounge, L.L.C.*, 648 F. Supp. 2d 469, 473 (E.D.N.Y. 2009) (citing *Softel, Inc., v. Dragon Med. and Sci. Commc'ns, Inc.*, 118 F.3d 955, 971 (2d Cir. 1997)). Again, Plaintiff contends Mr. Adame is liable on behalf of Hnos Corporation through vicarious liability. [4] Mr. Adame does not contest that he is the president of Hnos Corporation and he was "active in its operation." Defs.' Mot. for Relief 3 ¶ 5 [ECF No. 31]. There is not "even a hint of a suggestion which proven at trial,

---

[4] "In order to establish vicarious liability, Plaintiff must show that the defendant (a) had a right and ability to supervise the infringing activities, and (b) an obvious and direct financial interest in the exploitation." *J & J Sports Prods., Inc. v. Q Cafe, Inc.*, No. 3:10-CV-02006-L, 2012 WL 215282, at *4 (N.D.Tex. Jan. 25, 2012) (citing *KingVision Pay-Per-View, Ltd. v. Olivares*, No. 02 Civ. 6588, 2004 WL 744226, at *5 (S.D.N.Y. 2004)); *see also Softel, Inc.*, 118 F.3d at 971 ("To establish vicarious liability, Plaintiff only needs to show that the individual defendant, had a 'right and ability to supervise' the infringing activities and 'an obvious and direct financial interest in the exploitation . . .'").

would constitute a complete defense." *Adame*, 2012 WL 3561367, at *3 (citations omitted). The Court finds that Mr. Adame had both a right and the ability to supervise the infringing activities along with a direct financial interest in the exhibition of the Event.[5]

The undersigned finds that Defendants have failed to meet their burden to present a meritorious defense against the *judgment*, not just § 605(e). Defendants conclusions are not supported by a clear and specific recitation of definite facts to show a meritorious defense under § 605(a). This factor weighs against vacating the entry of default judgment.

### B. Plaintiff's Prejudice

Defendants argue that Plaintiff will not be prejudiced because "it has already collected $29,000 from co-defendant Eduardo Ortega which significantly compensates it" for the alleged broadcasting of the Event. Defs.' Mot. for Relief 5 ¶ 10 [ECF No. 31]. Defendants argue Mr. Ortega is the one who intentionally arranged for the showing of the Event. *Id.* [ECF No. 31]. Mr. Adame also argues the judgment severely damages his family while the need for Plaintiff to "return to court and prove its case" is not a sufficient injury to prejudice Plaintiff. *Id.* [ECF No. 31]. Plaintiff argues the prejudice occurs because Defendants waited to move for relief until Plaintiff obtained a final judgment, a writ of execution, and settled with co-defendants. Pl.'s Resp. 12 ¶ 18

---

[5] The Court further notes that the district court granted damages under § 605(e) based on Defendants' failure to appear or file an answer in this case, thus the allegations in Plaintiff's Complaint were deemed admitted. Final Default J. 1 [ECF No. 11]. The Final Default Judgment states, "Defendants' actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action." *Id.* at 2 [ECF No. 11]; *see also J&J Sports Prods., Inc. v. Zeqiri*, No. 3:14-CV-4216-B, 2015 WL 5916693, at *5 (N.D.Tex. Oct. 7, 2015) ("The FCA allows 'the court, in its discretion,' to 'increase the award of damages, whether actual or statutory, by an amount of not more than $100,000' for willful violations.") (quoting 47 U.S.C. § 605(e)(3)(C)(ii)); *Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems."); *Al-Waha Enters.*, 219 F. Supp. 2d at 776-77 (finding willfulness given the "limited methods of intercepting closed circuit broadcasting of pay-per-view events" and "the low probability that a commercial establishment could intercept such a broadcast merely by chance . . .").

[ECF No. 33]. Plaintiff also argues that Defendants did not take "quick action" to correct the default judgment. *Id.* at 12 ¶ 19 [ECF No. 33].

The Court agrees that this factor weighs in favor of Defendants. Plaintiff presents no special prejudice that may result from further delay in proceeding on the merits of this case. "[A] grant of relief from judgment would merely require Plaintiff to proceed to trial on his claims against Defendants, as in any other lawsuit." *Willis*, 2010 WL 4877273, at *3 (citing *Warfield v. Byron*, 436 F.3d 551, 556 (5th Cir. 2006)). "The mere possibility of prejudice from delay is inherent in every case and therefore insufficient by itself to result in denial of a Rule 60(b)(1) motion." *Id.* at *3 (citing *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985)). "Delay in judgment collection or requiring a plaintiff to litigate the merits of a claim are insufficient prejudices for allowing a default judgment to stand." *ICE Co. Prod. W.L.L. v. C & R Refrigeration, Inc.*, No. 9:05-CV-003, 2005 WL 1799517, at *2 (E.D.Tex. July 26, 2005). This factor weighs in favor of setting aside the default judgment.

### C. Defendant's Culpability

"When determining culpability, the Fifth Circuit instructs district courts to apply an 'excusable neglect' standard, which is satisfied if the movant's failure to respond is attributable to his own negligence, and not to gross carelessness, ignorance of the rules, or ignorance of the law." *Willis*, 2010 WL 4877273, at *3 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392-94 (1993)). [6] Excusable neglect extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co.*, 507 U.S. at 388.

---

[6] The court in *CJC Holdings* suggested that the less subjective "excusable neglect" standard should be used in the future, not a willfulness standard. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).

"The Fifth Circuit has rejected alleged unfamiliarity with the U.S. legal system as a basis for a finding of excusable neglect." *J & J Sports Prods., Inc. v. El 8 Sports Bar & Billiards Inc.*, No. 3:13-CV-4433-M-BH, 2015 WL 5437683, at *3 (N.D.Tex. Aug. 11, 2015), *R. & R. adopted*, No. 3:13-CV-4433-M, 2015 WL 5444663 (N.D.Tex. Sept. 15, 2015) (Lynn, J.) (relying on *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 593 (5th Cir. 2014)). "Our inquiry properly focuses on whether [the defendant] willfully failed to respond to the . . . Complaint within the allotted time period, and not how it responded once it was already in default." *In re Chinese Manufactured Drywall Prods.,* 742 F.3d at 594. "While Rule 60(b)(1) allows relief for 'mistake, inadvertence . . . or excusable neglect,' these terms are not wholly open-ended. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (internal quotation marks and citation omitted). "[A] party has a duty of diligence to inquire about the status of a case, and [] Rule 60(b) relief will be afforded only in 'unique circumstances.'" *Id.* (citing *Wilson v. Atwood Grp*, 725 F.2d 255, 257-58 (5th Cir. 1984) (en banc), *cert. dismissed*, 468 U.S. 1222 (1984)).

Defendants argue that Mr. Adame did not understand he was being sued and if he did he would have consulted counsel and responded. Defs.' Mot. for Relief 5 ¶ 9 [ECF No. 31]. Mr. Adame alleges that his English is limited and he consulted with a "businessman" to understand what the "papers" meant. *Id.* at 4 ¶ 6 [ECF No. 31]. Mr. Adame contends he mistakenly relied on this friend and/or business advisor who told him not to answer, but did not tell him he was being sued individually. *Id.* [ECF No. 31]. "[Mr. Adame] mistakenly thought that because the corporation was no longer in existence, he could not answer for it either." *Id.* [ECF No. 31]. Plaintiff responds that Mr. Adame's limited English is not a valid excuse for failing to file an answer. Pl.'s Resp. 9 ¶ 14 [ECF No. 33]. Second, Plaintiff contends Mr. Adame's financial status

in his attempt to obtain counsel is not a valid argument for his failure to answer or his delay in filing the instant motion. *Id.* at 9 ¶ 15 [ECF No. 33]. Third, Defendants failed to timely check on the status of the case. *Id.* at 10 ¶ 16 [ECF No. 33].

On May 4, 2015, summons issued to all named Defendants including Mr. Adame. *See* Summons 1 [ECF No. 4]. On June 24, 2015, the summons to Mr. Adame was returned as having been executed by personal service on June 17, 2015. Summons Returned 4 [ECF No. 5]. Both summons on Hnos Corporation and Mr. Adame were served at the same address at the same time and date. *Id.* at 2, 4 [ECF No. 5]. The summons for Mr. Adame states that he is being sued individually. *Id.* at 4 [ECF No. 5]. On October 29, 2015, the district court ordered Plaintiff to file a valid return of service on any named defendant or the case would be dismissed for failure to prosecute. Order 1 [ECF No. 6]. Plaintiff responded to the order stating Hnos Corporation and Mr. Adame were served on June 17, 2015. Pl.'s Resp. 2 ¶ 5 [ECF No. 7]. The same day, Plaintiff filed its Request for Entry of Default [ECF No. 8] and Motion for Default Judgment [ECF No. 9]. Plaintiff's Request for Entry of Default states on June 18, 2015, Mr. Adame called Plaintiff's counsel to discuss the case. Pl.'s Req. for Entry of Default 2 ¶ 5 [ECF No. 8]. The next day Plaintiff emailed Mr. Adame a settlement offer. *Id.* [ECF No. 8]. In October, Plaintiff advised Mr. Adame he would need to file an Answer and seek the assistance of an attorney. *Id.* [ECF No. 8]. Mr. Adame "told Plaintiff's counsel he would file an answer" and the parties agreed to extend his answer deadline to November 6, 2015. *Id.* [ECF No. 8]. Mr. Adame did not file an answer. On November 9, 2015, Plaintiff's counsel attempted contacting Mr. Adame and informed Mr. Adame he would be filing a motion for default judgment. *Id.* [ECF No. 8]. Mr. Adame did not return counsel's telephone call. *Id.* [ECF No. 8].

The Court finds Defendants' conduct was willful and does not constitute excusable neglect. Mr. Adame admits that he was served "with some legal papers" and in speaking with his friend he was aware that Hnos Corporation had been sued. Defs.' Mot. for Relief 4 ¶ 6 [ECF No. 31]; *see also id.* at Ex. B 4 ¶ 7 [ECF No. 31] ("I remembered that I got some papers about a lawsuit against the bar in 2015."). Again, the Court only looks to the time at which Defendants received the complaint and failed to respond. The final judgment states, "[Defendants] failed to answer or otherwise defend . . . *following proper service*." Final Default J. 1 [ECF No. 11] (emphasis added). Mr. Adame's assertions that he never received notice of Plaintiff's Motion for Default judgment are also incorrect. As shown above, Plaintiff's counsel left Mr. Adame a voicemail stating he would file the motion. *See In re Chinese Manufactured Drywall Prod.*, 742 F.3d at 593 ("Rule 5(a)(2) does not require a party in default be served with a pleading unless that pleading that asserts a new claim for relief."); FED. R. CIV. P. 5(a)(2). As indicated by the Certificate of Conference in Plaintiff's motion, Plaintiff sent a copy of the motion to Hnos Corporation and Mr. Adame by U.S. mail and certified mail. Pl.'s Mot. for Default J. 12 [ECF No. 9].

Further, Mr. Adame cannot claim to be unaware he was being sued individually as he directly spoke with Plaintiff's counsel. Mr. Adame even told counsel he would be filing an answer. Additionally, in Mr. Adame's affidavit it states that his "home address is the same as the address listed in the petition." *See* Defs.' Mot. for Relief Ex. B 3 ¶ 4 [ECF No. 31]. This is the same address that appears in the summons, Plaintiff's Request for Entry of Default, and Plaintiff's Motion for Default Judgment.[7] The Court does not find merit to Mr. Adame's contention that he only received

---

[7] It also appears that Mr. Adame has faced a default judgment before. On June 18, 2015, the 68th District Court of Dallas County, Texas entered a default judgment against Mr. Adame. *See* Pl.'s App. in Supp. Ex. C, 1-2 ¶ 5 [ECF No. 34-3]. In his Petition for Bill of Review, Mr. Adame asserts he still resides at the same address at issue in this case. *Id.* at 1 ¶ 2 [ECF No. 34-3]. Thus, the Court finds that Mr. Adame is an experienced litigant. *See* Pl.'s Resp. 2 n.2 [ECF No. 33]. Although the default judgment entered in state court was around the same date of service of Plaintiff's complaint in this case, the prior default judgment

notice of the judgment in September 2016 upon trying to refinance his home. *See In re Chinese–Manufactured Drywall Prods.*, 742 F.3d at 595 (holding that the foreign defendant willfully defaulted when it did not contest that it was served with the complaint and did not provide any explanation for its default even when pressed at oral argument).[8] There is no evidence before the Court that service of the complaint or the motion for default judgment on either Hnos Corporation or Mr. Adame was improper. "A finding of willful default ends the inquiry, for 'when the court finds an intentional failure of responsive pleadings there need be no other finding.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Dierschke*, 975 F.2d at 184). Defendants' conduct in failing to respond to the complaint reflected gross carelessness and is attributable to ignorance of the rules and the law. This factor weighs heavily against vacating the entry of default judgment.

## RECOMMENDATION

Based on the foregoing, the undersigned respectfully recommends that the district court **DENY** Defendants' Motion for Relief from Default Judgment [ECF No. 31].

**SO RECOMMENDED,** this ___23___ day of January, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

---

was related to a car accident involving Mr. Adame. Additionally, Mr. Adame actually spoke with Plaintiff's counsel in this case.

[8] *See also Dierschke v. O'Cheskey*, 975 F.2d 181, 183-84. (5th Cir. 1992) (holding that the defendant willfully defaulted when he admitted that he had received the complaint, but explained that he had failed to respond because he was involved in another suit and did not understand that he was being served in a new case).

11

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions and recommendation. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).